IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| LARRY BROOKS, | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | No. 5:14-cv-27(CAR) |
| v. | : | |
| | : | |
| DEBORAH LEE JAMES, Secretary of | : | |
| the Air Force, | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This action arises from Defendant Secretary of the Air Force Deborah Lee

James's termination of Plaintiff Larry Brooks's employment on October 22, 2011.

Plaintiff seeks review by this Court of a Merit System Protection Board's Final Order,[1]

claiming he was improperly terminated based on his race in violation of 42 U.SC. §

2000e-16.[2] Before the Court is Defendant's Motion for Summary Judgment, and after

fully considering the matter, the Court **GRANTS** Defendant's Motion [Doc. 16].

---

[1] The present case was transferred to this Court from the Federal Circuit after that court found
that according to *Kloeckner v. Solis,* 133 S. Ct. 596 (2012), discriminatory and non-discriminatory
action cases, like this one, must be brought in the district court.
[2] Plaintiff did not file a separate complaint in this Court, he relies on his petition to the Federal
Circuit for his applicable pleadings.

## BACKGROUND

Plaintiff, an African-American male, worked for Defendant at Robins Air Force Base as a Sheet Metal Mechanic Supervisor for twenty-eight years until his termination on October 22, 2011. Defendant terminated Plaintiff after his subordinate Sara Stringer filed a charge against him for inappropriate conduct.

### 1.  March Incident and Plaintiff's Termination

On March 9, 2011, Plaintiff claimed Sara Stringer had been standing in the hallway for about 20 to 30 minutes after her break time, and he told her she needed to return to her work site.[3] Plaintiff said Stringer was a "social butterfly," and he could see from his office she needed to return to work.[4] After he told Stringer to return to work, another employee told him Stringer was upset, so he brought her into his office.[5] While he was in his office, George Pierce, Plaintiff's supervisor, came to Plaintiff's office door and looked in. Plaintiff said he told Stringer at the time, if she wanted to talk to Pierce she could.[6] Stringer, however, reported a very different set of events to Plaintiff's supervisors; she claimed Plaintiff said multiple inappropriate comments to her that day and again later that month.

In late March/early April, Ellen Griffith, Plaintiff's supervisor and director of the 402d Commodities Maintenance Group at Robins Air Force Base commenced an

---

[3] Pl. Dep. [Doc. 18] at 12.
[4] *Id*. at 13.
[5] *Id*. at 65-67.
[6] *Id*.

investigation regarding Stringer's allegations. In her allegations, Stringer claimed

Plaintiff said 6 inappropriate comments to her:

1. He told Stringer he was going "to get a chastity belt and handcuff her to her flap, that way when all those guys come by gawking at her, that would deter them."

2. He told her he was "bringing that chastity belt in tomorrow."

3. While in his office he commented, "what is this about, you running around telling people what I said to you. If you have a problem with something that I say, you need to tell me."

4. He also commented that if she was going "to run upstairs and tell George Pierce what he had said, that if she did not go upstairs that [he] would never bother her again."

5.  On or about the last week in March 2011, he commented on her new haircut that "she was trying to look sexy."

6. On or about the last week in March, he commented on her late arrival, telling her "that she must have had a good night and a good night makes for a good morning." He also said he needed a good morning and proceeded to look her up and down.[7]

After investigating the allegations, interviewing witnesses, and meeting with Plaintiff,

Griffith notified Plaintiff on October 14, 2011, that he would be terminated effective

October 22, 2011.

In his meeting with Griffith, Plaintiff claimed George Pierce had a "vendetta

against him" and although Stringer told him everything was "okay between them,"

Pierce pursued further action. Plaintiff also asked that he be allowed to retire instead of

---

[7] [Doc. 16-3] at 78-80.

being terminated. This request, however, was denied; Defendant told Plaintiff he was

not eligible for retirement.[8]

Griffith said that in making her decision to terminate Plaintiff, she weighed his

length of service, his record, and his past performance with the nature and seriousness

of Stringer's allegations. She found that not only were Plaintiff's comments

inappropriate, but that urging Stringer not to go to Pierce was a "vale [sic] threat as far

as almost extortion."[9] In making her decision to terminate Plaintiff, she also considered

Plaintiff's prior disciplinary record, which included a 10 day suspension for failure to

properly request leave and an unauthorized absence.[10]

### 2. **Plaintiff's Appeal Process**

On November 18, 2011, Plaintiff appealed his removal to the Merit Systems

Protection Board ("MSPB"), claiming  his termination was disproportionately severe,

and he was treated differently from similarly situated employees based on his age and

race. After conducting a hearing on the matter, the administrative judge ("AJ") affirmed

Plaintiff's termination, finding Plaintiff failed to prove race and age discrimination.

On April 18, 2012, Plaintiff filed a petition for review with the MSPB requesting

reconsideration of the AJ's decision. Plaintiff alleged the agency failed to prove

inappropriate conduct; the AJ's credibility determinations were improper; the AJ

---

[8] *Id*. at 81-82.
[9] *Id*.
[10] *Id*. at 73-77.

improperly denied certain witness requests; and the AJ erred in ruling against Plaintiff's affirmative defenses of race and age discrimination. On September 27, 2012, the MSPB denied Plaintiff's petition and affirmed the AJ's decision. The MSPB concluded Plaintiff's arguments were "mere disagreement" with the AJ's findings and credibility determinations. Additionally, the MSPB found no abuse of discretion in the AJ's denial of Plaintiff's witness requests and concurred with the AJ that Plaintiff failed to prove race and age discrimination.

On November 27, 2012, Plaintiff petitioned the Court of Appeals for the Federal Circuit to review the MSPB's decision, again alleging error in the AJ's credibility determinations and findings that Plaintiff's conduct supported termination. On December 13, 2012, Plaintiff agreed to abandon any claim of discrimination by reason of race, sex, age, national origin, or handicapped condition in any court.

Originally, the Federal Circuit dismissed Plaintiff's petition on procedural grounds, but then the court reopened the case to determine jurisdiction. The court found that, in accordance with *Kloeckner v. Solis*,[11] a federal employee seeking judicial review of an MSPB adverse action case mixed with discrimination allegations must do so in district court, not in the Federal Circuit, even if the petitioner agrees to abandon the discrimination claims. As a result, the Federal Circuit transferred Plaintiff's petition to this Court.

---

[11] 133 S. Ct. 596 (2012).

## STANDARD OF REVIEW

MSPB decisions are subject to judicial review under 5 U.S.C. § 7703.[12]  Where a plaintiff, like this one, brings both a non-discriminatory and discriminatory claim, what is known as a "mixed" case, the district court has jurisdiction to review both claims.[13] The Court reviews an MSPB's decision only to "ensure that the determination was (1) not arbitrary or capricious, (2) made without regard to law, or (3) not based on substantial evidence."[14] However, a plaintiff's discrimination claims in a mixed case are subject to *de novo* review.[15]

As an initial matter, the Court notes Plaintiff has failed to raise any cognizable arguments as to his age discrimination claim or review of the MSPB decision. Fundamentally, it is a litigant's duty to suitably frame an issue for judicial review, and a district court need not consider an argument that is "not fairly presented."[16] Here, Plaintiff asserts no reason in his brief as to why the MSPB's decision was either (1) arbitrary or capricious, (2) made without regard to law, or (3) not based on substantial

---

[12] *See Kelliher v. Veneman*, 313 F.3d 1270, 1274 (11th Cir. 2002), *reh'g denied*, 57 F. App'x 416 (11th Cir. 2003).

[13] *Id.*

[14] *Kelliher*, 313 F.3d at 1276.

[15] *Id.* at 1274-75.

[16] *Smith v. Secretary, Dept. of Corrections*, 572 F.3d 1327, 1352 (11th Cir. 2009); *see United States v. Massey*, 443 F.3d 814, 819 (11th Cir. 2006) (an issue was not adequately presented unless it was raised in a way that the district court could not misunderstand it); *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir.1991) ("Judges are not like pigs, hunting for truffles buried in briefs."); *cf. Flanigan's Enters. Inc. v. Fulton County*, 242 F.3d 976, 987 n. 16 (11th Cir. 2001) (holding that an argument was waived because the appellants "fail[ed] to elaborate or provide any citation of authority in support of" the argument in their brief).

evidence. Nor does he present any argument as to how he was discriminated against because of his age. Thus, the Court finds Plaintiff has abandoned his claims for age discrimination and request for review of the MSPB decision.[17] Accordingly, the Court will only address Plaintiff's discrimination claim, applying the standards set forth under Federal Rule of Civil Procedure 56(c) and the applicable substantive law.

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper if the movant "shows that there is no genuine issue as to any material fact and the movant is entitled to a judgment as a matter of law."[18] Not all factual disputes render summary judgment inappropriate; only a genuine issue of material fact will defeat a properly supported motion for summary judgment.[19] This means that summary judgment may be granted if there is insufficient evidence for a reasonable jury to return a verdict for the nonmoving party or, in other words, if reasonable minds could not differ as to the verdict.[20]

On summary judgment, the Court must view the evidence and all justifiable inferences in the light most favorable to the nonmoving party; the Court may not

---

[17] *See Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 598–99 (11th Cir. 1995) ( noting that "the onus is upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned"); *accord Blue Cross & Blue Shield of Ala. v. Weitz*, 913 F.2d 1544, 1550 (11th Cir. 1990) (rejecting the contention that "where a party includes information in declarations or affidavits related to a summary judgment motion which might form the basis of an argument or defense, but the party fails to articulate such an argument" the district court must consider the argument *sua sponte*).

[18] Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

[19] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

[20] *See id.* at 249-52.

make credibility determinations or weigh the evidence.[21]  The moving party "always

bears the initial responsibility of informing the court of the basis for its motion, and

identifying those portions of the pleadings, depositions, answers to interrogatories,

and admissions on file, together with the affidavits, if any, which it believes

demonstrate the absence of a genuine issue of material fact" and that entitle it to a

judgment as a matter of law.[22]  If the moving party discharges this burden, the burden

then shifts to the nonmoving party to respond by setting forth specific evidence in the

record and articulating the precise manner in which that evidence creates a genuine

issue of material fact or that the moving party is not entitled to a judgment as a matter

of law.[23]  This evidence must consist of more than mere conclusory allegations or legal

conclusions.[24]

## DISCUSSION

### A. *Prima Facie* Case

To establish a *prima facie* case of discriminatory discharge, Plaintiff must produce

circumstantial evidence showing he (1) is a member of a protected class; (2) was

qualified for the position; (3) suffered an adverse employment action; and (4) was

---

[21] *See id.* at 254-55; *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

[22] *Celotex*, 477 U.S. at 323 (internal quotation marks omitted).

[23] *See* Fed. R. Civ. P. 56(e); *see also Celotex*, 477 U.S. at 324-26.

[24] *Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir. 1991).

treated less favorably than a similarly situated individual outside his protected class or was replaced by a person outside of his protected class.[25]

Defendant concedes, for purposes of summary judgment, that Plaintiff satisfies the first three elements of his *prima facie* case.  The dispute here centers on whether Plaintiff has presented similarly situated comparators who engaged in similar misconduct but were treated more favorably than Plaintiff.  The Court finds Plaintiff has failed to present sufficiently similar comparators to maintain a *prima facie* case.

"When a plaintiff alleges discriminatory discipline, to determine whether employees are similarly situated, [the Court must] evaluate whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways."[26] In determining whether a comparator is similarly situated to the plaintiff, the Eleventh Circuit has stated that "[t]he relevant inquiry is not whether the employees hold the same job titles, but whether the employer subjected them to different employment policies."[27] "If the same policies were applied differently to similarly ranked employees, those employees may be compared."[28]

A proper comparator is an employee outside of the plaintiff's protected class who is similarly situated to the plaintiff "in all relevant respects."[29]  If the comparator is

---

[25] *Maynard v. Bd. of Regents*, 342 F.3d 1281, 1289 (11th Cir. 2003).

[26] *Burke-Fowler v. Orange Cnty., Fla.*, 447 F.3d 1319, 1323 (11th Cir. 2006) (quotation omitted).

[27] *Id*.

[28] *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1326 (11th Cir. 2011).

[29] *Holifield*, 115 F.3d at 1562.

not similarly situated in all relevant respects, "the different application of workplace rules does not constitute illegal discrimination."[30]  Indeed, "the quantity and quality of the comparator's misconduct must be nearly identical [to the plaintiff's] to prevent courts from second-guessing employers' reasonable decisions and confusing apples with oranges."[31]  Moreover, "differences in treatment by different supervisors or decision makers can seldom be the basis for a viable claim of discrimination"[32] because different supervisors may employ different disciplinary measures.[33]

Here, Plaintiff presents five white employees as comparators: Brian McAnally; Louis L. Ragan, Paul R. Harrell, Joe Rick Vance, and H.S. Cash.  Plaintiff claims all of these men held a similar position, were in the same division, were accused of the same or similar misconduct, but, unlike Plaintiff, were allowed to retire. Plaintiff's arguments are unpersuasive—these men are not sufficiently similar for Plaintiff to satisfy his *prima facie* case of discriminatory termination.

Defendant terminated Plaintiff because of his inappropriate comments to Stringer, his attempt to convince her not to report his inappropriate conduct, and his previous suspension. Plaintiff's proposed comparators were neither involved in nor

---

[30] *Lanthem v. Dep't of Children & Youth Servs.*, 172 F.3d 786, 793 (11th Cir. 1999).

[31] *Maniccia v. Brown*, 171 F.3d 1364, 1368 (11th Cir. 1999); s*ee also Burke-Fowler*, 447 F.3d at 1323.

[32] *Silvera v. Orange Cnty. Sch. Bd.*, 244 F.3d 1253, 1261 n.5 (11th Cir. 2001); *see also Mack v. ST Mobile Aerospace Eng'g, Inc.* 195 F. App'x 829, 844 (11th Cir. 2006) (finding comparators not similarly situated to plaintiff because plaintiff reported to different supervisor).

[33] *See Jones v. Gerwens*, 874 F.2d 1534, 1541 (11th Cir. 1989).

accused of "nearly identical" misconduct as Plaintiff nor under the same decision

maker.

Plaintiff presents Brian McAnally as a comparator. McAnally was accused of

inappropriate conduct and falsification of records in 2006. Unlike Plaintiff, however,

McAnally was allowed to voluntarily retire in lieu of termination. However, the Court

finds McAnally is not sufficiently similar to be a proper comparator. Although

McAnally held the same position as Plaintiff, a sheet metal mechanic supervisor,

McAnally retired in 2006, five years before Plaintiff, and had a different decision maker

than Plaintiff.[34] Because Plaintiff and McAnally were not under the same decision

maker, Plaintiff is unable to show that McAnally is a proper comparator who is

similarly situated to Plaintiff in all relevant respects.

Plaintiff also presents Louis L. Ragan who was accused of failure to fulfill his

management responsibilities by failing to record and affect details in accordance with

established procedures, and who, unlike Plaintiff, was allowed to voluntarily retire in

lieu of termination. However, the Court finds Ragan is not sufficiently similar to be a

proper comparator. Unlike Plaintiff, Ragan was an industrial production manager, not a

sheet metal mechanic supervisor; there is no evidence he had a previous disciplinary

record; the action taken against him occurred in 2004, and he was under a different

---

[34] [Doc. 21-3] at 3.

decision maker.[35] For these reasons, Plaintiff is unable to show that Ragan is a proper comparator who is similarly situated to Plaintiff in all relevant respects.

Plaintiff additionally proffers Paul R. Harrell, Joe Rick Vance, and H.S. Cash as comparators. Although Harrell and Vance had the same position as Plaintiff, they are not sufficiently similar to be proper comparators. Harrell was accused of "misuse of a government computer" in 2002 and retired ten years later in 2012.[36] Vance, was accused of "loafing on duty," "smoking in an unauthorized area," "unauthorized use of a credit card," failure to fulfill supervisory responsibilities and lack of candor.[37] These accusations are distinguishable from the reasons given for Plaintiff's termination. Moreover, both of these men had different decision makers than Plaintiff. Finally, it is unclear in reviewing the record what position Cash held, what he was accused of, whether he had a previous disciplinary record, or whether he had the same decision maker.[38] Therefore, because these men are not similarly situated to Plaintiff in all relevant respects, Plaintiff is unable to show that Harrell, Vance, and Cash are proper comparators.

Finally, Plaintiff argues that Cash, Ragan, Harrell, and Vance were accused of inappropriate conduct, like Plaintiff, despite the fact there is no reference to these

---

[35] [Doc. 21-4] at 3.
[36] [Doc. 21-5] at 4.
[37] [Doc. 21-6] at 16-18.
[38] [Doc. 21-2].

accusations in their personnel records.[39] In making this assertion, Plaintiff relies on hearsay testimony; however, inadmissible hearsay cannot be considered on summary judgment.[40] Moreover, even if Plaintiff's proposed comparators were accused of inappropriate conduct, because of the various reasons outlined above, Plaintiff fails to show how they are similarly situated, let alone nearly identical, and thus proper comparators.

Therefore, because Plaintiff has failed to point to a similarly situated white comparator who was disciplined less harshly, Plaintiff cannot establish his *prima facie* case of discrimination, and Defendant is entitled to summary judgment.

### B. Pretext

Even if Plaintiff established his *prima facie* case of discrimination, Defendant is still entitled to summary judgment because Plaintiff cannot show Defendant's legitimate, nondiscriminatory reasons for Plaintiff's termination are merely pretext for race discrimination. Defendant's legitimate reasons for termination–Plaintiff's inappropriate conduct towards Ms. Stringer, his attempt to convince her not to report his conduct, and his previous suspension—are all reasons "that might motivate a

---

[39] *See* [Doc. 21-7] –[Doc. 21-10].

[40] *Macuba v. DeBoer*, 193 F. 3d 1316, 1322 (11th Cir. 1999) (noting that "Rule 56(e) of the Federal Rules of Civil Procedure requires that 'affidavits' that support or oppose summary judgment motions 'shall be made on personal knowledge, [and] shall set forth such facts as would be admissible in evidence'" ).

reasonable employer,"[41] and therefore Defendant has satisfied its "exceedingly light" burden of producing a legitimate, non-discriminatory reason for Plaintiff's termination.[42]

Because Defendant has met its burden, Plaintiff must present sufficient evidence to create a genuine issue of material fact that Defendant's proffered legitimate reasons for termination are merely pretext for race discrimination. To establish pretext, a "plaintiff must demonstrate that the proffered reason was not the true reason for the employment decision. . . . [The plaintiff] may succeed in this either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence."[43]  "Conclusory allegations of discrimination, without more, are not sufficient to raise an inference of pretext or intentional discrimination where [an employer] has offered . . . extensive evidence of legitimate, non-discriminatory reasons for its actions."[44] Evidence establishing pretext may include the same evidence initially offered

---

[41] *Chapman v. AI Transp.*, 229 F.3d 1012, 1030 (11th Cir. 2000) (en banc).

[42] *See Vessels v. Atlanta Ind. Sch. Sys.*, 408 F.3d 763, 769-770 (11th Cir. 2005) (noting that employer's burden is exceedingly light and is satisfied as long as the employer articulates a clear and reasonable non-discriminatory basis for its actions).

[43] *Jackson v. State of Ala. State Tenure Comm'n*, 405 F.3d 1276, 1289 (11th Cir. 2005) (emphasis added) (quotations and citation omitted).

[44] *Mayfield v. Patterson Pump Co.*, 101 F.3d 1371, 1376 (11th Cir. 1996) (quotations and citation omitted).

to establish the *prima facie* case of discrimination.[45]   Ultimately, the Court's inquiry is limited to "whether the employer gave an honest explanation of its behavior."[46]

Plaintiff shows neither that Defendant's proffered reasons for termination are unworthy of credence nor that a discriminatory reason motivated his termination.  The record reveals no "weaknesses, implausibilities, inconsistencies, or contradictions" in Defendants' rationale for Plaintiff's termination,[47] and Plaintiff fails to establish that any discriminatory animus motivated Defendant's decision to terminate him.[48] A plaintiff may not establish pretext simply by questioning the wisdom of the employer's reason.[49] Instead, he must meet the employer's reason "head on" and rebut it.[50]

While Plaintiff may have felt his termination was unfair, this Court does not sit as a "super-personnel department," and it does not review the wisdom of an employer's business decisions, no matter how mistaken or unfair they may seem, as long as the action was not for a prohibited discriminatory reason.[51]  Without a similarly situated comparator or any other sufficient evidence to support an inference of

---

[45] *Wilson v. B/E Aerospace*, 376 F.3d 1079, 1088 (11th Cir. 2004).

[46] *Chapman*, 229 F.3d at 1030 (quotation omitted).

[47] *See Holland v. Gee*, 677 F.3d 1047, 1055-56 (11th Cir. 2012).

[48] Plaintiff claims that his supervisor, George Pierce, held longstanding animus for him. However, outside of this conclusory allegation, Plaintiff points to no evidence of discriminatory animus or that Pierce had any role in the decision to terminate him.

[49] *Combs v. Plantation Patterns*, 106 F.3d 1519, 1543 (11th Cir. 1997).

[50] *Wilson*, 376 F.3d at  1088.

[51] *See Alvarez v. Royal Atlantic Dev., Inc.*, 610 F.3d 1253, 1266-67 (11th Cir. 2010).

intentional discrimination, Plaintiff has failed to establish his claim of racial discrimination, and Defendant is entitled to judgment as a matter of law.

## CONCLUSION

For the reasons set forth above, Defendant's Motion for Summary Judgment [Doc. 16] is hereby **GRANTED**.

**SO ORDERED,** this 29th day of March, 2016.

<u>S/ C. Ashley Royal</u>
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT